UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN L. BREWER,

       Plaintiff,        CIVIL ACTION NO. 13-cv-14751

vs.

                               DISTRICT JUDGE TERRENCE G. BERG

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Steven Brewer seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 8) and Defendant's Motion for Summary Judgment (docket no. 9). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern district of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION:

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 8) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 9) be GRANTED.

## II.    PROCEDURAL HISTORY:

Plaintiff filed a applications for Supplemental Security Income with a protective filing date of November 1, 2010, alleging that he had been disabled since February 10, 1995, due to depression, anxiety, a learning disability, substance abuse, obesity, back pain, left shoulder pain, and left ankle pain. (*See* TR 21.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on July 16, 2012, before Administrative Law Judge (ALJ) Ronald Herman, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 21-32.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT'S TESTIMONY

#### A. Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits. (Docket no. 8 at 5-6.) Notably, Plaintiff's brief fails to contain a single reference to the medical record. (*See* docket no. 8.) Further, Plaintiff's discussion of his testimony is limited to the following:

> The claimant testified at the hearing that he was not able to hold a steady job due to the fact that he has severe back and ankle problems. (Tr. 50) Physically, his pain precludes him from working. He's limited in his ability to lift to no greater than 10 pounds. (Tr. 47) He ambulates with a cane. (Tr. 51) He takes medication that causes him to become drowsy and take naps for multiple hours throughout the day. (Tr. 54)

(Docket no. 8 at 9.) Defendant sets forth a detailed overview of Plaintiff's medical history, as does the ALJ. (Docket no. 9 at 5-10; TR 26-30.) The undersigned has reviewed the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein. Plaintiff's medical record and testimony as set forth in Defendant's brief (Docket no.

2

9 at 5-11), the ALJ's decision (TR 26-30) and Plaintiff's brief (Docket no. 8 at 9) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### C. Vocational Expert's Testimony

After asking the VE to discuss Plaintiff's past work experience, the ALJ asked the VE to consider a hypothetical individual with the same age, education, and work experience as Plaintiff. (TR 53-54.) He told the VE to assume that this individual

> is able to lift up to 10 pounds occasionally, lesser weights more frequently, stand and/or walk . . . for up to two of eight hours of a eight-hour workday, sit for up to six of eight hours of an eight-hour workday. Now, because of a history of having both physical and emotional problems including a lower back pain, left ankle pain, along with depression and anxiety, along with a learning problems (sic) as well, then we have the following limitations in a hypothetical: First of all, from a physical standpoint, from a postural viewpoint, only the individual should be limited to performing occasional postural activities, such as bending, stooping, crouching, crawling and the like. The individual should also be allowed to sit and/or stand at his discretion for as long as is needed in either position, provided that the individual is not off his work task for more than 10 percent of the workday. Now, because of learning issues, the individual should be limited to performing simple, routine, repetitive work with few, if any, workplace changes. Further, the individual, because of the depression and anxiety, should only have occasional contact with the public, coworkers, and supervisors.

(TR 58-59.) The VE testified that such an individual could not perform Plaintiff's past work. (TR 59.)

The ALJ then asked the VE to assume that this individual required that the work be "performed in a work environment free of fast-paced production requirements." (TR 59.) The VE testified that such an individual could perform work as an assembler, a packager, or an inspector. (TR 59-60.) The ALJ then asked the VE to assume that the individual would have to miss at least three or four days each month due to a combination of physical and emotional problems. (TR 60.) The VE testified that such a requirement would not be tolerated by employers. (TR 60.)

### IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2010, and that he suffered from severe "depression; anxiety; learning disability; substance abuse, in remission; obesity; back pain; left shoulder pain; and left ankle pain." (TR 21.) The ALJ further found that Plaintiff's impairments did not meet or equal one of the listed impairments. (TR 21-25.)

The ALJ then determined that Plaintiff had the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform sedentary work . . . except he would be able to only lift up to 10 pounds occasionally and lesser weights frequently. He would be able to stand or walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday. The claimant could bend, stoop, crouch, and crawl occasionally, but would require a sit-stand option, as needed, provided he is not off work task more than 10 percent of the workday. He would be limited to simple, routine, repetitive tasks with few, if any, workplace changes. The claimant should have only occasional contact with the public, coworkers, and supervisors. He would be limited to work that was not fast-paced or production work.

(TR 25-30.) Then, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work, but he could perform a significant number of jobs in the national economy; therefore, he was not under a disability since November 1, 2010. (TR 25-32.)

### V.   LAW AND ANALYSIS

#### A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it

is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work,

the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.    Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "the Commissioner erred as a matter of law

in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 8 at 7.) In passing, Plaintiff also states that "the [ALJ's] reasoning to support his lack of credibility is not substantiated." (*Id.* at 11.)

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper. In substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his own testimony. (*See* docket no. 8.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed an almost identical brief, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for h[er] challenge to the ALJ's assessment of h[er] credibility." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.).

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." *Id.* at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (E.D. Mich. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700 (E.D.Mich. Mar. 2, 2011)).

Therefore, Plaintiff's Motion should be denied. Any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 8) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 10) should be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 4, 2014    s/ Mona K. Majzoub
             MONA K. MAJZOUB
             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 4, 2014    s/ Karri Sandusky
             Case Manager